KLEIN, J.
The issue in this case is whether judgment creditors of an insolvent corporation, who are also insiders, are fraudulent transferees as to payments made on those judgments, under the Uniform Fraudulent Transfer Act. We conclude that they are and affirm.
Appellants J.E. Carter and Joe Cowart were officers and directors of Southlake Nursing and Rehabilitation Center, which was insolvent. They obtained substantial judgments, uncontested, against Southlake in 1996, for loans they had allegedly made to Southlake.
In 1999 Southlake sold its assets to Mied, Inc., which was owned and controlled by Carter, for $11.7 million, but Mied paid only $9.8 million to Southlake. As part of the transaction Carter and Co-wart assigned their judgments against Southlake to Mied, which executed satisfactions of the judgments. From the proceeds of the closing, Southlake paid Carter $68,192 and Cowart $39,716 as interest payments. At the time these payments were made, appellee Summit Healthcare, Inc. was a creditor of Southlake, which was insolvent.
After obtaining a judgment against Southlake, which was uncollectible, Summit commenced these supplementary proceedings against Mied, Carter and Cowart, *398 alleging fraudulent transfers under Chapter 726, Florida Statutes (2002). The trial court found that the interest payments were fraudulent transfers and entered a judgment for Summit against Carter and Cowart, which is the subject of this appeal.
Appellants argue that, because they were judgment creditors of South-lake, and these judgment liens had to be satisfied before Southlake could be sold to Mied, they were as a matter of law not fraudulent transfers. What this argument ignores is section 726.106(2) of our Fraudulent Transfer Act, which provides:
A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
The payments to Carter and Co-wart satisfy all of the requirements of section 726.106(2). It is undisputed that Carter and Cowart were insiders, that Summit’s claim arose before the payments were made to Carter and Cowart, and that Carter and Cowart knew that Southlake was insolvent at the time of the transfers. Their argument that this statute does not apply to insiders who have judgments against the insolvent transferor is without merit. The statute does not distinguish between creditors who hold judgments and those who do not. If insiders could avoid section 726.106 by obtaining consent judgments, as these appellants did, it would take all of the teeth out of it. We have considered the other issues raised and find them to be without merit. Affirmed.
SHAHOOD and TAYLOR, JJ., concur.